UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABEL GHIRMAI,

        Plaintiff,

        v.

NORTHWEST AIRLINES, INC., a Minnesota corporation,

        Defendant.

CASE NO. C02-1839RSM

ORDER ON MOTION TO QUASH

This matter is before the Court for consideration of plaintiff's motion to quash two subpoenas duces tecum (Dkt. # 147). The subpoenas, which were issued January 12, 2009, are directed to two employers for whom plaintiff worked after his termination by defendant. They seek copies of "any and all documents relating to the hiring, employment and/or termination of employment of [plaintiff]," including, among other specified documents, applications, interview notes, background checks, personnel files, performance evaluations, incident reports, sick leave records, medical and health records, and other information. Dkt. # 148, Exhibits A and B. Plaintiff seeks to quash these subpoenas on the grounds that (a) they are untimely under the Court's scheduling order and (b) the information sought from other employers is irrelevant, inadmissible, and not reasonably calculated to yield information on plaintiff's claim of emotional distress. Defendant has opposed the motion. For the reasons set forth below, the motion to quash shall be granted.

The Court's Order Setting Trial Date and Related Dates (Dkt. # 119) set a discovery cut-off date

ORDER ON MOTION TO QUASH - 1

of December 29, 2008. That date has been extended upon the stipulation of the partes for certain limited purposes related to expert discovery. Dkt. ## 124, 138. The date was also extended by the Court for a limited purpose during a telephonic motion held on December 23, 2008. Dkt. # 140. The telephonic conference was held at defendant's urgent request, and was specifically directed to the deposition of Mr. Killian which was noted by plaintiff for December 29, 2008 in Minnesota. Defendant asserted that the timing of this deposition was very bad, given that the date lay between two major holidays, and also that inclement weather in the Seattle area and in the Midwest was causing severe delays in air travel. The Court struck the deposition as requested by defendant, but extended the discovery date to January 23, 2009 to allow plaintiff to re-note the deposition later if appropriate. Although the Court's minute entry does not explicitly so state,[1] the extension of the discovery deadline was necessarily limited to the sole issue before the Court during that conference, namely the deposition of Mr. Killian. The discovery period was extended for no other purpose. The subpoenas duces tecum served on or after January 12, 2009 are therefore untimely.

Defendant also contends that even if the discovery cut-off date has passed, plaintiff has an obligation to supplement his responses to a Request for Production No. 8, served on December 27, 2002. However, such supplementation should be asked of plaintiff himself, not of third parties. Moreover, the scope of the subpoenas served here extends far beyond what would be required of plaintiff in the way of supplementation to Request for Production No. 8.

Finally, defendant argues that the subpoenas are not untimely because plaintiff did not produce a supplemental expert of Dr. Andrea Jacobson, plaintiff's expert on his emotional state, until December 31, 2008. Defendant asserts that it did not learn until then that certain bases for plaintiff's emotional distress claims arise from his subsequent employment history. The Court notes that the parties stipulated to extend expert discovery to December 31, 2008 "for the limited purpose of disclosing Dr. Jacobson and her supplement to Dr. Root's report. . . ." Dkt. # 138, p. 2. The parties further stipulated to allow an

---

[1]This telephonic conference was, as noted, held at defendant's urgent request, on the one date between December 18, 2008 and December 29, 2008, that the Court was open, due to holiday and extreme weather closures. The Court was operating on December 23, 2008 with limited staff, and the telephonic conference was held without a court reporter present. The Minute Entry summarizing the Court's ruling was placed on the docket by the Court's one staff member present in the courthouse on that day.

ORDER ON MOTION TO QUASH - 2

extension for the purpose of deposing Dr. Jacobson and plaintiff. *Id.* In so stipulating, both parties represented to the Court that "moving these deadlines two weeks will not affect any other deadline set by the Court. . . ." By agreeing to this stipulation and the limitations therein, defendant bore the risk that matters arising in Dr. Jacobson's supplemental report could not be explored through further discovery.

Plaintiff's motion to quash the two subpoenas duces tecum is accordingly GRANTED.

DATED this 10 Day of February 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE