UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABEL GHIRMAI, | ) |
| | ) |
| *Plaintiff*, | ) NO. CO2-1839RSM |
| | ) |
| v. | ) PRETRIAL ORDER |
| | ) |
| NORTHWEST AIRLINES, INC., | ) |
| a Minnesota corporation, | ) |
| | ) |
| *Defendant.* | ) |
| _____ | ) |

**Jurisdiction is vested in this Court over**:

1)      Title VII claims by virtue of:

a. 42 U.S.C. §2000e-5(f)(3), because Abel Ghirmai has fulfilled

all conditions precedent to asserting Title VII claims.

b. 28 U.S.C. §1331, because Title VII claims arise under the laws

of the United States.

c. 28 U.S.C. §1343(a)(4), because Title VII claims arise under an

Act of Congress providing for the protection of civil rights.

2)      42 U.S.C. §1981 claims by virtue of:

a.   28 U.S.C. §1331, because 42 U.S.C. §1981 claims arise under the laws of the United States.

b.   28 U.S.C. §1343(a)(4), because 42 U.S.C. §1981 claims arise under an Act of Congress providing for the protection of civil rights.

3)      RCW 49.60 claims by virtue of:

a. 28 U.S.C. §1367(a), because Abel Ghirmai's RCW 49.60 claims are so related to his Title VII and 42 U.S.C. §1981 claims as to form part of the same case or controversy under Article III of the United States Constitution.

b. 28 U.S.C. §1332, because this is a suit between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

## CLAIMS AND DEFENSES

**The plaintiff will pursue at trial the following claims**:

1)      Discrimination on the basis of race (including ancestry or ethnicity) in violation of 42 U.S.C. §1981 in his selection for lay-off.

2)      Discrimination on the basis of race or national origin in violation of Title VII and RCW 49.60 in his selection for lay-off.

**The defendant will not pursue any affirmative defenses.**

## ADMITTED FACTS

**The following facts are admitted by the parties**:

1)      Northwest Airlines, Inc. ("Northwest") is a Minnesota corporation whose principal place of business is Minnesota.) (This admitted fact will not be read or presented to the jury.)

2)      Northwest has had more than 500 employees throughout each month of each year from January 1, 2001 to the present. (This admitted fact will not be read or presented to the jury.)

3)      Abel Ghirmai started work for Northwest as a reservation sales agent in its Seattle call center on about February 21, 1991. Ghirmai was promoted to assistant sales performance manager at the Seattle call center on about March 1, 1999.

4)      On September 28, 2001 Northwest advised Ghirmai it had selected him for lay-off.

5)      Ghirmai was one of six assistant sales performance managers in the Seattle call center at the time of his lay-off. Ghirmai was the only assistant sales performance manager laid off at the time.

6)      Ghirmai is African American. He was born in Ethiopia, and he is a citizen of the United States.

7)      The other assistant sales performance managers in Seattle at the time

of Ghirmai's lay-off were Karen Cline, Linda Riley Diemert, Danielle (McCorkle) McCarter, Iris Palumbarit and Jean Wilson.

8)    All of the assistant sales performance managers except Ghirmai were born in the United States.

9)    Cline, Diemert, (McCorkle) McCarter and Wilson are all Caucasian. Palumbarit is Asian.

10)    Felicia Jones was regional director for Northwest's Seattle reservations call center in September 2001.

11)    Jones is African American and was born in the United States.

12)    A sales performance manager and an assistant sales performance manager were laid off from the Seattle reservations call center in September 2001.

13)    Eileen Flaherty was the sales performance manager selected for lay-off.

14)    Flaherty is Caucasian and was born in the United States.

15)    On September 28, 2001 Northwest advised Flaherty it had selected her for lay-off.

16)    If you find for Ghirmai on any of his claims, he will be entitled to lost wages and fringe benefits in the amount of $105,653, plus any other damages you find he is entitled to under the instructions.

17)    Ghirmai filed a timely EEOC charge alleging discrimination on the basis of race or national origin. (This admitted fact will not be read or presented to

the jury.)

18)     Ghirmai began this lawsuit within 90 days of receipt of a right-to-sue letter from the EEOC. (This admitted fact will not be read or presented to the jury.)

19)     Ghirmai has complied with all conditions precedent to suing under Title VII. (This admitted fact will not be read or presented to the jury.)

<u>**CONTENTIONS**</u>

**Plaintiff contends as follows**:

1)     Ghirmai's race or ancestry or ethnicity or national origin was a substantial or motivating factor in Northwest's decision to terminate him.

2)     Ghirmai suffered emotional distress and loss of earnings and fringe benefits because of Northwest's discrimination.

3)     Ghirmai is entitled to prejudgment interest on lost earnings and fringe benefits. (To be decided by the Court.)

4.     Ghirmai will suffer tax consequences from any relief awarded to him. (To be decided by the Court.)

**Defendant contends as follows**:

1.     Ghirmai was selected for termination in September 2001 based solely on legitimate, nondiscriminatory reasons. It was unrelated to his race and national origin.

2.     Any emotional distress that Ghirmai experienced as a result of his termination of employment by NWA is attributed, in whole or substantial part, to

other factors for which NWA cannot be liable.

## ISSUES OF LAW

**The following are issues of law to be determined by the Court**:

1)      What relief, if any, is Ghirmai entitled to by way of:

a. Prejudgment interest?

b. Damages for the tax consequences of any relief? (Northwest does not agree that damages for the tax consequences of any relief is available under statutes other than RCW 49.60.)

c. Reasonable attorneys fees (including litigation expenses) under 42 U.S.C. §1988, Title VII and RCW 49.60?

2.      Is Ghirmai's alleged Ethiopian ancestry or ethnicity protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 or RCW Chap. 49.60?

3.      Has Ghirmai proved that he was selected by NWA for termination in September 2001 based on his race or national origin in violation of Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C.§1981 or RCW Chapt. 49.60? (Ghirmai believes this is an issue of fact to be decided by the jury rather than an issue of law to be decided by the Court.)

## EXPERT WITNESSES

(a) Plaintiff shall be limited to two experts on the issue of emotional distress and one expert on the issue of wage and fringe benefits loss. Defendant has not

identified any expert witnesses.

(b) The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

(1) **On behalf of plaintiff**:

1)      Fred DeKay, Ph.D., Albers School of Business & Economics, Seattle University, Pigott Hall, #521, 900 Broadway, Seattle, WA 98122. Wage and fringe benefit loss.   (Possible witness only.) (NWA objects to this possible witness and its motion *in limine* is pending on this issue.)

2)      Maria P. Root, Ph.D., 2457 - 26th E., Seattle, WA 98112. Emotional distress. (Will testify.)

3.      Dr. Andrea Jacobson, M.D., Ph.D., 255 Canyon Boulevard, Suite 300, Boulder, CO 80302. Emotional distress. (Will testify.)

(2) **On behalf of defendant:** None.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a) **On behalf of plaintiff**:

1)      Abel Ghirmai, 12832 - 24th Avenue S., Seattle, WA 98168. Experiences at Northwest, qualifications, performance, discriminatory comments, complaints of discrimination, emotional distress, wage and fringe benefit loss. (Will testify live.)

2)   C. Edward Adams, Adams & Associates, P.L.L.C., 7512 Stanich Lane, Suite 2, Gig Harbor, WA 98355. (F.A.A. regulations) (Possible witness only, live.)

3)   David Arcand, c/o Northwest Airlines. Experiences at Northwest, Ghirmai's performance. (Possible witness only, by deposition.)

4)   Tamara Ashley, 15708 Springmoss Lane, Tampa, FL 33624. Experiences at Northwest, preparation of Karen Cline's performance appraisal. (Will testify by deposition.)

5)   Kidane Ayele, 10008 148th Ave. S.E., Renton, WA 98059. Emotional distress. (Possible witness only, live.)

6)   Addisu Bahta, 603 N.E. 165th St., Shoreline, WA 98155. Emotional distress. (Will testify, live.)

7)   Tina Burgess, 4210 Factoria Blvd. S.E., #2A, Bellevue, WA 98006. Experiences at Northwest, performance of assistant sales performance managers. (Possible witness only, live.)

8)   John Callahan, Adams & Associates, P.L.L.C., 7512 Stanich Lane, Suite 2, Gig Harbor, WA 98355. (FAA regulations). (Possible witness only, live.)

9)   Karen Cline, 22201 - 39th Pl. S., Kent, WA 98032. Experiences at Northwest, qualifications. (Will testify live.)

10)   William DeRohan, 1407 Summit Shores Drive, Burnsville, MN 55306. Experiences at Northwest, selection of Ghirmai for lay-off. (Possible

witness only, by deposition.)

11)     Linda Riley Diemert, 3810 S. 312th Street, Auburn, WA 98001. Experiences at Northwest, qualifications. (Will testify live.)

12)     Susan Edberg, 9727 Wellington Ridge, Woodbury, MN 55125. Experiences at Northwest, Ghirmai's second-party review, selection of Ghirmai for lay-off. (Possible witness only, by deposition.)

13)     Eileen Flaherty, 7400 Stinson Ave., #139, Gig Harbor, WA 98335. Experiences at Northwest. (Possible witness only, live.)

14)     Eyassu Gebrehiwot, 1738 Frances St., #105, Vancouver, B.C. V5L 1Z6, CANADA. Emotional distress. (Possible witness only, live.)

15)     Meselu Gebrehiwot, 14 Merrill Avenue W., Toronto, CANADA M4C1C5; telephone: 416-694-8697. Emotional distress. (Will testify live.)

16)     Felicia Jones, c/o Northwest Airlines, Inc. Experiences at Northwest, selection of Ghirmai for lay-off, lay-off procedures. (Possible witness only, live.)

17)     Douglas Killian, 11909 - 21st N., Lake Elmo, MN 77042. Statements made to the press. (Possible witness only, by deposition.)

18)     Bereket Kiros, 17829 Wayne Ave. N., Shoreline, WA 98133. Emotional distress. (Possible witness only, live.)

19)     Danielle (McCorkle) McCarter, 30111 - 77th Avenue S., Roy, WA 98580. Experiences at Northwest, qualifications. (Will testify live.)

20)     Beverly Modica, 701 S.W. 5th Court, Unit B202, Renton, WA 98057. Experiences at Northwest, Ghirmai's performance, statements by Felicia Jones. (Will testify live.)

21)     Bonnie Moon, 22040 Strathern Street, #4, Canoga Park, CA 91304-4747. Experiences at Northwest, Ghirmai's qualifications, Ghirmai's performance, statements by William DeRohan. (Will testify live or by deposition.)

22)     Debbee Morelli, 1002 S. 312th Street, #126, Federal Way, WA 98003. Experiences at Northwest, performance of assistant managers. (Possible witness only, live.)

23)     Iris Palumbarit, 713 S.W. 328th Pl., Federal Way, WA 98023. Experiences at Northwest, qualifications. (Possible witness only, live.)

24)     Wayne Poling, 4724 S.W. 317th, #C, Federal Way, WA 98023. Experiences at Northwest, performance of assistant managers, statements by William DeRohan. (Will testify live.)

25)     Barbara Rapp, 22985 Marine View Drive S., Unit D-314, Des Moines, WA 98198. Experiences at Northwest, performance of assistant sales performance \managers. (Possible witness only, live.)

26)     Michael Skodinski, 3719 - 50th Ave. N.E., Tacoma, WA 98422. Experiences at Northwest, Ghirmai's performance. (Possible witness only, live.)

27)     Jean Wilson, 14662 Sunrise Drive N.E., Bainbridge Island, WA 98110. Experiences at Northwest, qualifications. (Will testify live.)

28)     Ghirmai reserves the right to call any witness listed by Northwest Airlines, Inc. and any rebuttal witness to the degree permitted by Local Rule CR 16.)

(a) **On behalf of defendant**:

1)     David Arcand. (Possible witness only, deposition.) Experiences at Northwest.

2)     Karen Cline, 22201 - 39th Place South, Kent, WA 98032. (Possible witness only, live.) Experiences at Northwest.

3)     Linda Riley Diemert, 3810 South 312th Street, Auburn, WA. (Possible witness only, live.) Experiences at Northwest.

4)     William DeRohan, c/o NWA's counsel. (Will testify, anticipated to be live.) Experiences at Northwest, including dealings with Ghirmai and elimination of Seattle manager positions in 2001.

5)     Susan Edberg, c/o NWA's counsel. (Will testify, anticipated to be live.) Experiences at Northwest, including dealings with Ghirmai and elimination of Seattle manager positions in 2001.

6)     Eileen Flaherty, 7400 Stinson Avenue, #139, Gig Harbor, WA 98335. (Possible witness only, live.) Experiences at Northwest.

7)     Abel Ghirmai. (Possible witness only, live.) Experiences at Northwest.

8)     Felicia Jones, c/o NWA's counsel. (Will testify, live.) Experiences at

Northwest, including dealings with Ghirmai and elimination of Seattle manager positions in 2001.

9)      Danielle (McCorkle) McCarter, P.O. Box 160, 30111 77th Ave S, Roy, WA. (Possible witness only, live.) Experiences at Northwest.

10)     Iris Palumbarit, 713 SW 328th Pl, Federal Way, WA 98023. (Possible witness only, live.) Experiences at Northwest.

11)     Michael Skodinski, 3719 - 50th Avenue NE, Tacoma, WA 98422. (Possible witness only, live.) Experiences at Northwest.

12)     Jean Wilson, 12740 NE Crown Drive, Bainbridge Island, WA 98110. (Possible witness only, live.) Experiences at Northwest.

13)     Almaz Yassin, 12832 24th Avenue South, SeaTac, WA 98168. (Possible witness only, live.) Issues relating to Ghirmai's allegations of emotional distress.

14)     NWA reserves the right to call any witness listed by Ghirmai and any rebuttal witnesses.

## EXHIBITS

(a) **Admissibility stipulated**

### Plaintiff's Exhibits

1)      2000 year-end performance appraisal for Abel Ghirmai. (GH 148-54.)

2)      2001 mid-year performance appraisal for Abel Ghirmai. (NWA/AG

134-39.)

3)    2001 mid-year performance ratings chart prepared by Felicia Jones. (NWA/AG 2285.)

4)    Job description for assistant performance manager. (NWA/AG 2863-64.)

5)    2001 mid-year review of Eileen Flaherty. (NWA/AG 2880-86.)

6)    2001 mid-year review of Michael Skodinski. (NWA/AG 02874-79.)

7)    2001 mid-year review of Karen Cline. (NWA/AG 91-97.)

8)    2001 mid-year review of Linda Diemert. (NWA/AG 26-31.)

9)    2001 mid-year review of Danielle McCorkle. (NWA/AG 52-57.)

10)    2001 mid-year review of Iris Palumbarit. (NWA/AG 76-81.)

11)    2001 mid-year review of Jean Wilson. (NWA/AG 39-44.)

12)    September 28, 2001 letter from Susan Edberg to Abel Ghirmai. (GH 166-75.)

13)    Tuition reimbursement approval application signed by Felicia Jones on September 28, 2000. (NWA/AG 2807.)

**Defendant's Exhibits**

59)    APM job description. (NWA/AG 002865-66.)

60)    June 28, 2001 graduation thank-you note from Abel Ghirmai to Felicia Jones. (NWA/AG 002812.)

(b) **Authenticity stipulated, admissibility disputed**:

**Plaintiff's Exhibits**

14)     EEOC charge of Abel Ghirmai against Northwest Airlines. (GH 5.)

15)     Abel Ghirmai's right-to-sue letter. (GH 1.)

16)     Undated letter from Abel Ghirmai to [Deanna Hess,] Northwest Airlines Human Resources. (GH 7.)

17)     March 4, 1997 letter from Joseph Drelling to Abel Ghirmai. (Dep. Ex. 8.)

18)     1999 mid-year performance review of Abel Ghirmai. (NWA/AG 113-15.)

19)     1999 year-end performance appraisal for Abel Ghirmai. (NWA/AG 116-22.)

20)     2000 mid-year performance appraisal for Abel Ghirmai. (NWA/AG 123-26.)

21)     August 4, 1999 E-mail from William DeRohan to Beth Shultis. (NWA/AG 144.)

22)     1999 special support and inspiration award for Abel Ghirmai. (GH 147.)

23)     2000 employee assessment and successor summary for Abel Ghirmai, with individual profile attached. (NWA/AG 190-93.)

24)     November 17, 2000 fax from Steve Palmer to Abel Ghirmai. (GH 803.)

25)    November 20, 2000 fax from Abel Ghirmai to Northwest Legal Department. (GH 800-802.)

26)    November 20, 2000 fax from Abel Ghirmai to Chris Jenkins-Wiener. (GH 804, 806-808.)

27)    November 20, 2000 letter from Abel Ghirmai to Judith Martin. (GH 805.)

28)    March 5, 2001 letter from Sue Edberg to Abel Ghirmai. (GH 9.)

29)    March 16, 2001 letter from Abel Ghirmai to Sue Edberg. (GH 160-63.)

30)    June 28, 2001 E-mail from Abel Ghirmai to Felicia Jones with June 29, 2001 E-mail from Felicia Jones to Abel Ghirmai attached. (NWA/AG 2283-84.)

31)    August 6, 2001 memo from Abel Ghirmai to reservation sales agents, interpreters, cruise desk agents and supervisors (with handwritten margin note from Felicia Jones). (NWA/AG 2281.)

32)    August 7, 2001 E-mail from Abel Ghirmai to Eileen Flaherty with copy to Felicia Jones. (NWA/AG 2280.)

33)    September 28, 2001 Northwest career opportunity system award/select detail information. (GH 222-231.)

34)    Excerpts of collective bargaining agreement.

35)    Article by Abel Ghirmai with handwritten note from William DeRohan. (GH 117.)

36)     Team 1 and 2 Performance Comparison January 01 and February 01 (Abel Ghirmai). (GH 232-42.)

37)     Merit increase notification for Abel Ghirmai (effective April 1, 2000). (NWA/AG 189.)

38)     Merit increase notification for Abel Ghirmai (effective April 1, 2001). (NWA/AG 188.)

39)     September 20, 2000 E-mail from Abel Ghirmai to William DeRohan. (Dep. Ex. 83.)

40)     September 22, 2000 E-mail from William DeRohan to Abel Ghirmai. (Dep. Ex. 82.)

41)     Composite exhibit of media articles about the attacks of September 11, 2001:          (1)     November 2, 2001 article entitled "Arab Americans are newly uncomfortable faces in the crowd" in SEATTLE POST-INTELLIGENCER (GH 1120-22).

(2)     September 27, 2001 article entitled "Utah threatens airline with discrimination lawsuit" in SEATTLE POST-INTELLIGENCER (GH 1126-27).

(3)     September 19, 2001 article entitled "Poll finds many want restrictions on Arab Americans" in SEATTLE POST-INTELLIGENCER (GH 1128-29).

(4)     September 18, 2001 article entitled "Japanese Americans see similarities to WW II conditions" in SEATTLE POST-INTELLIGENCER (GH 1130).

(5)     September 22, 2001 article entitled "Notebook: Four Arab Americans taken off jetliner" in SEATTLE TIMES (GH 1131-32).

(6)     September 21, 2001 article entitled "Metro Briefing/Connecticut: Rocky Hill: 9 Bias Incidents Reported" in NEW YORK TIMES (GH 1136).

(7)     September 21, 2001 article entitled "Racial Profiling May Get Wider Approval by Courts" in NEW YORK TIMES (GH 1137-38).

(8)     September 28, 2001 article entitled "Radio Messages on Tolerance" in NEW YORK TIMES (GH 1141).

(9)     September 23, 2001 article entitled "A Nation Challenged: Civil Liberties; Americans Give in to Racial Profiling" in NEW YORK TIMES (GH 1142-43).

(10)    October 3, 2001 article entitled "Airlines, passengers confront racial profiling" in CNN.com/travel (GH 1148-51).

42)     September 11, 2001 press release by Northwest. (GH 1222.)

43)     September 27, 2001 letter from Michael Shurtleff to Richard Anderson. (GH 1229-30.)

44)     September 28, 2001 letter from Richard Anderson to Raheem

Alkinani, Kareem Alasady and Akram Alasady. (GH 1226-27.)

45) September 28, 2001 press release by Northwest. (GH 1228.)

46) October 10, 2001 letter from Gary Bunce to Mark Shurtleff. (GH 1224-25.)

47) 1999 Reservations Employee Survey. (Dep. Ex. 75.)

48) Work environment survey comments - by station [Seattle]. (Dep. Ex. 76.)

49) Team Seattle 2001 plan, second draft. (Dep. Ex. 78.)

50) Excerpt of draft of Abel Ghirmai's thesis.

## Defendant's Exhibits

61) 2000 year-end performance appraisal for Iris Palumbarit. (NWA/AG 000069-75.)

62) 2000 year-end performance appraisal for Crystal Yost. (NWA/AG 002867-2873.)

63) August 22, 2000 letter re: change in APM position. (NWA/AG 002897.)

64) March 16, 2001 letter from Abel Ghirmai to Sue Edberg (with handwritten notes by Sue Edberg). (NWA/AG 002192-2195.)

65) Draft text of thesis. (GH 010-081.) (Admissibility of typewritten these admitted, handwritten notes to be identified at trial.)

66) 360 Degree Feedback October 2000 for Ghirmai. (NWA/AG

000140-141.)

67)    20/20 Insight Report for Ghirmai. (GH 247-275.)

68)    Order Dated June 4, 2008 in non-binding arbitration dismissing case
with prejudice.

69)    1999 Performance Review for Jones. (NWA/AG 000176-000183.)

70)    2000 Performance Review for Jones. (NWA/AG 000164-000175.)

71)    2001 Performance Review for Jones. (NWA/AG 000153-000163.)

(c) **Authenticity and admissibility disputed**:

**Plaintiff's Exhibits**

51)    Notes Abel Ghirmai took during his employment with Northwest
Airlines, Inc. (GH 712-37.)

52)    Comparison of scores of Eileen Flaherty and Michael Skodinski.
(GH 1172.)

53)    Comparison of areas in which Abel Ghirmai and Karen Cline were
rated. (GH 1173.)

54)    Education of Assistant Sales Performance Managers.

55)    Tenure of Assistant Sales Performance Managers in a Management
Job at Northwest.

56)    Commendations Received by Assistant Sales Performance
Managers for Management Work by September 28, 2001.

57)    Overall Performance Ratings on Mid-2001 Performance Appraisals

of Assistant Sales Performance Managers.

58) Overall Goal Ratings on Mid-2001 Performance Appraisals of Assistant Sales Performance Managers.

**Defendant's Exhibits**

72)  Year End 2000 Performance Reviews of Seattle Call Center APM's.

73)  Ghirmai's Performance Reviews As An APM.

74)  Seattle Call Center Management As of January 1, 2001.

75)  Mid-Year 2001 Performance Reviews of Seattle Call Center SPMs and APM's

76)  Ghirmai reserves the right to rely on any exhibit identified by Northwest Airlines, Inc.

77)  Northwest reserves the right to rely on any exhibit identified by Ghirmai.

## ACTION BY THE COURT

1)  This case is scheduled for trial before a jury on April 27, 2009 at 9:00 a.m.

2)  Trial briefs shall be submitted to the Court on or before April 22, 2009.

3)  Jury instructions requested by either party shall be submitted to the Court on or before April 22, 2009. Suggested questions of either party to be asked of the jury by the Court on *voir dire* shall be submitted to the Court on or before April 22, 2009.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the

action unless modified by a subsequent order. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED: April 23, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

FORM APPROVED

_____
Abraham A. Arditi, WSBA #04603
Attorney for Plaintiff

MacDONALD, HOAGUE & BAYLESS

_____
Jesse Wing, WSBA #27751
Attorney for Plaintiff

WINTERBAUER & DIAMOND P.L.L.C.

_____
Kenneth J. Diamond, WSBA #27009
Attorney for Defendant

GREENBERG TRAURIG L.L.C.

_____
Michael Eric Ross
Admitted Pro Hac Vice
Attorney for Defendant

Fax: 206-623-1596

PRETRIAL ORDER - 22